**Jason B. Lattimore**
Direct Dial: (973) 639-7536
Jason.Lattimore@lw.com

One Newark Center, 16th Floor
Newark, New Jersey 07101-3174
Tel: +1.973.639.1234  Fax: +1.973.639.7298
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Moscow |
| Barcelona | Munich |
| Beijing | New Jersey |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Doha | Riyadh |
| Dubai | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

May 1, 2012

**VIA ECF AND FACSIMILE**

Hon. Joseph A. Dickson, U.S.M.J.
United States District Court - District of New Jersey
Martin Luther King Jr. Federal Building and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

>   Re:   *Teva Neuroscience, Inc., et al. v. Watson Laboratories, Inc., et al.*
>         Case No. 10-cv-05078 (CCC)(JAD)
>
>         *Teva Neuroscience, Inc., et al. v. Apotex Corp., et al.*
>         Case No. 11-cv-03076 (CCC)(JAD)

Dear Judge Dickson:

   We represent Orchid Chemicals & Pharmaceuticals Ltd., Orchid Healthcare, and Orgenus Pharma Inc. in the above-referenced consolidated matters. We write on behalf of all Defendants to respond to the portion of Teva's April 27, 2012 letter in which Teva argues that Defendants' request for clarification of the Court's ruling regarding Orchid's Interrogatory No. 6 is moot.[1] *See* 4/27/12 Ltr. from M. Patunas to Court (D.I. 338), at 1, n.1. Teva did not confer with Defendants regarding whether this matter still required the Court's attention prior to filing its letter and, as detailed below, our subsequent communications with Teva have confirmed that we still require the Court's assistance with this issue.

   Put simply, Teva still refuses to produce a 30(b)(6) representative on the subject that was and remains the focus of Defendants' request for clarification. As made clear in Defendants' April 20, 2012 letter to the Court, Defendants seek a witness to testify regarding the "differences between the currently approved indications for Azilect® and the indications for which Teva recently sought approval." 4/20/12 Ltr. from J. Lattimore to Court (D.I. 337), at 1; *see also id.* at 2 ("Teva revealed that it is unwilling to produce a corporate representative to discuss the differences between the approved and proposed indications for Azilect®"; "Given the foregoing,

---

[1] Defendants have separately addressed the balance of the issues raised in Teva's April 27 letter.

LATHAM&WATKINS LLP

testimony regarding <u>Teva's differentiation between its approved and proposed indications for Azilect® plainly is pertinent</u> to the issue of infringement.") (emphasis added).

Upon receiving Teva's April 27 letter, we immediately wrote to Teva seeking confirmation that it would produce a 30(b)(6) witness to address the differences between the approved and proposed indications for Azilect®. *See* 4/27/12 Ltr. from J. Lattimore to M. Patunas (attached as Exhibit A). On April 30, Teva responded that it remains unwilling to produce a witness on the topic at issue (*see* Exhibit B).[2]

Teva acknowledges that the testimony Defendants seek falls squarely within the scope of Orchid's Interrogatory No. 6. The dispute over Interrogatory No. 6 centered on whether Teva should be required to detail the differences between the approved and proposed indications for Azilect®. *3/16/2012 Hr'g Tr.* at 49:5-21; *id.* at 49:18-21 ("THE COURT: . . . How are they different? Why can't you answer that question?"). In an attempt to resolve the dispute, the Court directed Teva to allow Defendants to explore this issue through a 30(b)(6) witness "as much as possible." *3/16/2012 Hr'g Tr.* at 55:11-22. Teva makes clear in its April 30 letter that, rather than follow the Court's directive, its position is that it should only be required to produce a designee on the subjects of the approved indications and proposed indications, but not the differences between the indications. Although we submit that this distinction is a false one – the topics of approved and proposed indications fairly encompass the differences between the approved and proposed indications – to resolve the present dispute, the Court need only confirm that its prior ruling concerning Interrogatory No. 6 required Defendants to produce a 30(b)(6) designee on the subject Defendants have targeted. Alternatively, for the reasons stated in Defendants' April 20 letter, the Court could also order the production of a designee on this subject pursuant to Defendants' 30(b)(6) topics 24 and 25, which also encompass the subject at issue.

Teva also argues that Defendants' April 20 request for clarification was untimely. Teva has not cited any case law supporting its position nor requested any relief in connection with the specific issues raised in Defendants' April 20 letter. It bears noting, however, that there is no factual support for the notion that Defendants' request for clarification was untimely. There is no deadline for discovery motions in this case, and Defendants filed their request for clarification weeks before the discovery end date. Additionally, the witness Teva designated for Topics 24 and 25 has yet to be produced and will not be produced until mid-May.

---

[2] This begs the question of why Teva indicated to the Court that the parties no longer had any dispute on this issue.

LATHAM & WATKINS LLP

       Accordingly, Defendants ask that the Court rule on Defendants' request for clarification. Thank you for your attention to this matter.

                                                      Respectfully,

                                                      s/ Jason B. Lattimore

                                                      Jason B. Lattimore
                                                      of LATHAM & WATKINS LLP

cc:      All Counsel (via ECF and email)

# EXHIBIT A

Jason B. Lattimore
Phone: (973) 639-7536
Email: jason.lattimore@lw.com

One Newark Center, 16th Floor
Newark, New Jersey 07101-3174
Tel: +1.973.639.1234  Fax: +1.973.639.7298
www.lw.com

FIRM / AFFILIATE OFFICES
Abu Dhabi       Moscow
Barcelona       Munich
Beijing         New Jersey
Boston          New York
Brussels        Orange County
Chicago         Paris
Doha            Riyadh
Dubai           Rome
Frankfurt       San Diego
Hamburg         San Francisco
Hong Kong       Shanghai
Houston         Silicon Valley
London          Singapore
Los Angeles     Tokyo
Madrid          Washington, D.C.
Milan

File No. 048524-0001

# LATHAM&WATKINS LLP

April 27, 2012

**VIA EMAIL & FEDEX**

Michael E. Patunas, Esq.
Lite DePalma Greenberg, LLC
Two Gateway Center, Ste. 1201
Newark, NJ 07102
mpatunas@litedepalma.com

Re: *Teva Neuroscience, Inc., et al. v. Watson Laboratories, Inc., et al.*
Case No. 10-cv-05078 (CCC)(JAD)

*Teva Neuroscience, Inc., et al. v. Apotex Corp., et al.*
Case No. 11-cv-03076 (CCC)(JAD)

Dear Mike:

We write concerning Defendants' pending request for clarification of the Court's ruling concerning Orchid's Interrogatory No. 6 and 30(b)(6) Topics 24 and 25.

In your letter to the Court this morning (D.I. 338), you suggested that Teva's Revised Objections to Defendants' Revised Notice of Deposition Pursuant to Rule 30(b)(6) ("Revised Objections") obviated the need for the clarification Defendants requested because Teva has agreed to produce a witness to testify "regarding both the FDA-approved indication and the proposed indication" for Azilect®. 4/27/12 Ltr. from M. Patunas to Court, at 1, n.1. However, as we made clear in our April 20 letter, Defendants specifically seek a witness to testify regarding the distinctions between the approved and proposed indications for Azilect®. *See* 4/20/12 Ltr. from J. Lattimore to Court, at *passim* ("Orchid sought to compel Teva to supplement its response to this interrogatory to provide an explanation of the <u>differences between the currently approved indications for Azilect® and the indications for which Teva recently sought approval</u>"; "Teva revealed that it is unwilling to produce a corporate representative to discuss the <u>differences between the approved and proposed indications for Azilect®</u>"; "Given the foregoing, testimony regarding <u>Teva's differentiation between its approved and proposed indications for Azilect® plainly is pertinent</u> to the issue of infringement.") (emphasis added).

LATHAM&WATKINS LLP

    Neither Teva's Revised Objections nor your letter to the Court make clear that Teva has agreed to produce a 30(b)(6) representative to testify regarding the specific issue that is the subject of Defendants' request for clarification – the distinctions between the approved and proposed indications for Azilect®. If Teva intends to produce such a 30(b)(6) representative, please confirm that is the case. Further, please confirm that Cheryl Fitzer-Attas will be Teva's 30(b)(6) designee on this subject. If she will not be the designee, please identify the designee and the time, date and place he or she will be made available for deposition. If we do not receive satisfactory confirmation from you by 12:00 p.m. EDT on Monday, April 30, 2012, we will notify the Court that it should proceed to rule on this issue.

                                   Sincerely,

                                   Jason B. Lattimore

cc: All Counsel (by email)

# EXHIBIT B



LITE DEPALMA GREENBERG, LLC

Newark • Chicago • Philadelphia

TWO GATEWAY CENTER, SUITE 1201
NEWARK, NJ 07102

TEL: 973.623.3000
FAX: 973.623.0858
www.litedepalma.com

April 30, 2012

**VIA EMAIL**

Jason B. Lattimore
Latham & Watkins
One Newark Center, 16th Floor
Newark, New Jersey 07101

Re: *Teva Neuroscience, Inc. et al. v. Watson Pharma., Inc., et al.*
**Civil Action No.: 10-5078 (CCC)(JAD)**
consolidated with
*Teva Neuroscience, Inc. et al. v. Apotex Corp. et al.,*
**Civil Action No.: 10-3076 (CCC)(JAD)**

Dear Jason:

I write in response to your letter sent on Friday at 4:40 pm, which included a demand that Plaintiffs' respond by 12 noon today. We disagree with the content of your letter. First, neither of the Rule 30(b)(6) topics that you cite as the basis for relief (Topic Nos. 24 & 25) pertain to "distinctions" between certain indications or proposed indications for Azilect. Second, you are essentially seeking Rule 30(b)(6) testimony on the same incomprehensible contention topic that you improperly sought through interrogatory discovery. We are doing precisely what the Court directed us to do -- providing a Rule 30(b)(6) witness to discuss both indications. To the extent you are seeking further contention discovery through a Rule 30(b)(6) deposition, you should proceed with a letter to the Court but you should also note that we intend to respond.

Very truly yours,

Michael E. Patunas/emp
Michael E. Patunas

MEP:emp

cc: All Counsel (via e-mail)

313654 v1