<a>
<b/>
</a>

<div align="center">

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

</div>

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

<div align="center">

**LETTER ORDER**

</div>

May 7, 2012

To All Counsel

      RE:      Teva Neurosciences, Inc., et al v. Watson Pharma, Inc, et al.
                 **Civil Action No: 10-5078-CCC-JAD**

Dear Counsel:

    This will respond to the series of letters recently filed by the parties. Specifically, the Court refers to ECF #s 337, 338, 343 and 347.

    In connection with the issue regarding the _differences_ between the currently approved indications for Azilect® and the indications for which recent approval has been sought, the Court will take no action at this time. Plaintiff has stated it will produce witnesses on both sets of indications, those approved and those sought for approval. This Court has every confidence in counsel's ability to determine the differences of each, if any, from properly prepared witnesses.

    With respect to topics 4-5 and 7, Plaintiff argues that the meet and confer negotiations were complete by late March, 2012 and Defendants "re-opened" the process by their April 20, 2012 e-mail. Defendants counter that Plaintiff never compromised on topics 4-5 and 7, while Defendants continually reduced the scope of those topics. On the record before this Court, it is impossible to determine: (1) if Plaintiff has compromised and if not, why not; and (2) how much Defendants have compromised.

    Furthermore, this Court has no way to determine the relative relevance of each of the prior art references contained in topics 4 and 5 or the sections described in topic 7.

    Accordingly, this Court directs as follows:

Plaintiff is to make a good faith effort to designate and prepare a witness for the topics in issue (4 and 5, and 7). Defendants shall proceed with its deposition according to a schedule to be determined by the parties. At the conclusion of all fact discovery, if the Defendants are unhappy with the degree of responsiveness obtained during the depositions, they may apply to the Court for relief. Any such application shall be restricted to setting forth in two paragraphs per prior art or sections set forth in topic 7, the relevance thereof, what was sought to be proved and what should be the relief or inference to be ordered due to Plaintiff's alleged refusal to provide discovery. Plaintiff's response will be similarly limited to two paragraphs per prior art or section.

<div style="text-align: center;">
SO ORDERED

_____

**JOSEPH A. DICKSON, U.S.M.J.**
</div>

cc:   Hon. Claire C. Cecchi, U.S.D.J.
      All Counsel (via ECF)