NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TEVA NEUROSCIENCE, INC., ET AL.

        Plaintiff,

v.

WATSON PHARMA, INC., ET AL.

        Defendant.

Civil Action No. 10-5078 (CCC)(JAD)
Civil Action No. 11-3076 (CCC)(JAD)

CONSOLIDATED

**OPINION & ORDER**

**CECCHI, U.S.D.J.**

## INTRODUCTION

This matter comes before the Court by way of the parties' competing proposed schedules regarding the order in which witnesses will be called to testify at trial. The Court has carefully considered the parties' submissions and the oral argument heard on May 8, 2013. For the reasons set forth below, the order in which evidence shall be presented at trial shall follow the burden of proof.

## BACKGROUND

Trial in this consolidated action is set to commence on May 15, 2013. The issues to be presented at trial include the validity, enforceability and alleged infringement of United States Patent No. 5,453,446 ("the '446 Patent"), which is alleged to cover Azilect®, Teva's rasagiline mesylate tablet product.

**DISCUSSION**

Federal Rule of Evidence 611(a) vests the Court with authority to determine the order in which witnesses are presented at trial. Pursuant to Rule 611(a), "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make interrogation and presentation effective for the ascertainment of the truth; (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." As such, "[i]t is well settled that the order of the reception of evidence lies largely in the discretion of the trial judge, whose action will not be reversed on appeal unless it amounts to a gross abuse of discretion." United States ex rel. Felton v. Rundle, 401 F.2d 1300, 1304 (3d Cir. 1969) (quoting United States v. Montgomery, 126 F.2d 151, 153 (3d Cir. 1942)).

It is likewise settled that the party bearing the burden of proof generally should present first and last at trial. See Anheuser-Busch, Inc. v. John Labatt Ltd., 89 F.3d 1339, 1344 (8th Cir. 1996). In the instant matter, the parties do not dispute that Plaintiffs bear the burden of proof on infringement, while Defendants bear the burden of proof on invalidity and unenforceability. The parties also agree that Plaintiffs are entitled to present their affirmative case on infringement first. (Pl. Br. 2). However, although Plaintiffs do not bear the burden on invalidity and unenforceability, they nonetheless seek to present testimony on those issues before Defendants put on their case in chief. In other words, Plaintiffs seek to present their entire case in chief prior to testimony from Defendants' witnesses on invalidity and unenforceability.

Defendants urge the Court to reject Plaintiffs' alternative order of proof and to follow the traditional manner of allowing the party with the burden of proof to present first at trial. Defendants argue that their proposed schedule of witnesses, which allows the party bearing the burden of proof to present first on that issue, will allow for the orderly and efficient presentation

of evidence. Defendants further object to Plaintiffs' proposed order of witnesses in that it allows for Plaintiffs to affirmatively rebut Defendants' invalidity and unenforceability case before Defendants put on any evidence. During oral argument, however, Defendants agreed that Plaintiffs may be permitted to present limited background evidence on the invention at issue when presenting testimony on infringement.

The Court finds that the order of proof at trial shall follow the parties' respective burdens of proof. Such an approach is consistent with the general rule that a party bearing the burden of proof should present first and last at trial, as well as Federal Circuit precedent. See Orthokinetics, Inc. v. Safety Travel Chairs, Inc., 806 F.2d 1565, 1570-71 (Fed. Cir. 1986) (allowing patentee "to 'go first' with testimony on validity … result[s] in cluttered records, irrelevant detours, undue burdens on the judicial process, and unnecessary work for the trial court"); Patent Case Management Judicial Guide § 8.1.2.2.2.1 (Federal Judicial Center 2009) (patentee's infringement case should present first; alleged infringer will then respond and proceed on its case in chief where it has the burden of proof, including invalidity and inequitable conduct; patentee may then offer evidence "restricted to responding to the alleged infringer's affirmative case (i.e. invalidity and inequitable conduct).").

Moreover, courts in this district have followed this approach and ordered that the party bearing the burden of proof present its case first at trial. See, e.g. Novartis Pharms. Corp. v. Teva Pharms. USA, No. 05-1887 (DMC). This Court, in the discretion provided by Rule 611(a), similarly finds that following the burden of proof will allow for the efficient and orderly presentation of evidence.

In sum, the order of proof at trial shall proceed as follows: Plaintiffs, bearing the burden of proof on infringement, shall first offer their testimony on that issue and in conjunction

3

therewith may offer an initial presentation limited to the nature of the invention. Defendants shall then respond to Plaintiffs' infringement evidence and present their case in chief on invalidity and unenforceability, as they bear the burden of proof on those matters. Plaintiffs may then present rebuttal evidence on infringement and respond to invalidity and unenforceability. Lastly, Defendants will be given the opportunity to present rebuttal evidence on invalidity and unenforceability.

## **CONCLUSION**

For the reasons set forth above, the Court orders that the presentation of evidence follow the burden of proof.

**Dated: May 9, 2013**              *s/ Claire C. Cecchi*
                                    **HON. CLAIRE C. CECCHI**
                                    **United States District Judge**